UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>STEVEN POULOS,<br><br>Debtor. | Chapter 13<br><br>Case No. 2-19-bk-01458-EPB<br><br>STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN |

The Second Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Second Amended Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-5 | $525.00 |
| 6 | $425.00 |
| 7-60 | $515.00 |

The payments are due on or before the 13th day of each month commencing March, 2019. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of their federal and state income tax returns for post-petition years 2019 – 2022 within 14 days of filing them.

(2) <u>Other Property.</u>

(a) Debtor's 2018-2022 net tax refunds shall be turned over to the Trustee within 14 days of receipt as a supplemental Plan payment.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>. Law Offices of Timothy D. Ducar, PLC, shall be allowed total compensation of $2,190.00. Counsel received $2,190.00 prior to filing this case and will not be paid by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:

    (a) None

(3) <u>Claims Secured by Personal Property</u>:

    (a) None

(4) <u>Unsecured Priority Claims</u>:

    (a) None

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor to surrender the following property:

    (a) Deer Valley Credit Union, 2006 Lexus
    (b) Greensky, LLC, Residential Solar Panels

(6) <u>Other Provisions</u>.

    (a) Before the plan may be deemed complete and the Debtor granted a discharge, the Debtor must pay a minimum of $18,135.31 to unsecured claims.

(7) <u>Unsecured Nonpriority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

## ORDER SIGNED ABOVE

Approved as to Form and Content By:

Russell Brown
2020.01.30 18:19:03
-07'00'

Russell Brown, Trustee

Timothy D. Ducar
Attorney for Debtor

The Debtor Certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

Steven Poulos
Debtor

Page 3 of 3   In re:_____   Case No._____

Case 2:19-bk-01458-EPB   Doc 46   Filed 02/05/20   Entered 02/05/20 10:09:36   Desc
Main Document   Page 3 of 3